EDWARD J. MOORE, surviving trustee under the will of Thomas C. Barr, deceased,

*v.*

KATHERINE V. DOREY et al.

[Argued November 23d, 1916. Decided March 5th, 1917.]

A testamentary gift to the issue of the survivor of two persons means to all issue of such survivor, including issue born after the death of the deceased beneficiary.

On appeal from a decree advised by Vice-Chancellor Howell.

*Mr. Frank Bergen,* for the complainant.

*Mr. Chauncey G. Parker,* for Katherine V. Dorey and Helen L. Birch.

*Mr. Charles C. Pilgrim,* for Dorothy Lorraine Payne.

The opinion of the court was delivered by

SWAYZE, J.

The will to be construed is the same of which some clauses were construed in *Moore* v. *Downey, 83 N. J. Eq. 428.* By the twelfth clause the testator directed that after the death of his wife, the executor or trustee should pay to his sister-in-law Edith B. Fretz $2,500 annually during her natural life; and to Katherine M. Nippes $2,500 annually during her natural life; that in case of the death of either Fretz or Nippes without leaving issue, the survivor of the two should be entitled to the whole income mentioned above which the deceased would have taken if living. By the thirteenth clause he directed that in case of the death of Nippes or Fretz leaving issue, the executor or trustee should pay over out of the principal of the estate $50,000, to be divided *per*

*stirpes* among the issue of each of the said beneficiaries so dying leaving issue. Then follows the following provision:

"I further direct that in case of the death of either of the aforesaid Katherine M. Nippes or Edith B. Fretz, without issue, then, and in that event, the issue of the survivor of the aforesaid Katherine M. Nippes or Edith B. Fretz, shall receive the whole sum of fifty thousand ($50,000) dollars bequeathed to the issue of the person dying without issue, as described in this paragraph. It being my intention that the two sums of fifty thousand dollars each shall go only to the issue of the aforesaid Katherine M. Nippes or Edith B. Fretz, or to the survivor of either, leaving issue, otherwise to become a part of my estate."

Edith B. Fretz has died without issue. Katherine M. Nippes has married and has issue, Dorothy Lorraine Payne, a child about five years old at the time of the hearing in the court of chancery. The learned vice-chancellor rejected the last clause as unintelligible, and awarded the fund of $50,000 to Dorothy Lorraine Payne to be now paid to her general guardian. He awarded this to her as the issue of Katherine M. Nippes Payne *in esse* (as the decree says) at the time of the death of Edith B. Fretz. The interpolation of the words *in esse* is important, since it gives the fund a destination different from that marked out by the plain words of the will. The will gives the fund to the issue of the survivor of Fretz and Nippes; this can only mean all the issue, and their identity could not be ascertained until the death of the mother. It seems to us perfectly clear that the testator did not mean to shut out after-born issue, as the decree below does. This substitution of the child of Mrs. Payne living at the date of the decree for all the issue to whom the will gives the fund is a strong indication that the vice-chancellor fell into error. We do not have the same difficulty with the will that he felt. The scheme seems plain. The testator gives $2,500 a year each to Fretz and Nippes. He seems to anticipate the investment of $50,000 for each to produce this income. In case of the death of either without issue, the survivor is to have the whole income of $5,000, requiring the investment of both $50,000 funds. In case of either leaving issue, the principal of the $50,000, of which she had had the income, was to be divided among her issue *per stirpes*. In case of the death of either without issue, the $50,000

fund held for her, the income of which he had already directed should go to the survivor, was ultimately to go to the issue of the survivor. We think the difficulty felt by the vice-chancellor as to the rejected clause can be solved by making it read:

"It being my intention that the two sums of fifty thousand dollars each shall go only to the issue of the aforesaid Katherine M. Nippes or Edith B. Fretz, or to [the issue of] the survivor of either, leaving issue."

We have interpolated the words in brackets. The words "of either" are superfluous but harmless. This interpolation is, we think, justified by the general scheme of the will, as we have above set it forth; by the impossibility of ascertaining who the issue of the survivor will be until the survivor is herself dead; by the intent to give the whole income to the survivor where one dies without issue; and by the clear intent of the testator that the ultimate destination of the funds shall be the issue, and all the issue, of Edith B. Fretz and Katherine M. Nippes; and is not that the survivor of Edith B. Fretz and Katherine M. Nippes shall have the principal as well as the interest of the fund invested for the life of the one who first dies, as would be the case without this interpolation or the entire rejection of the clause; and, finally, by the fact that it disposes of both funds in the same way as the testator evidently intended.

The decree must be reversed and the record remitted in order that a decree may be entered in accordance with this opinion.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER—13.